IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| THOMAS JEFFREY GARZA, § § § | |
| Petitioner, § § | |
| v. § | Case No. 6:23-cv-481-JDK-JDL |
| § | |
| DIRECTOR, TDCJ-CID, § § | |
| Respondent. § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Thomas Jeffrey Garza, a former prisoner within the Texas Department of Criminal Justice, proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his Smith County conviction. The petition was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition.

On April 2, 2025, Judge Love issued a Report recommending that Petitioner's habeas petition be denied as time-barred and that the case be dismissed with prejudice. Docket No. 30. Judge Love also recommended that Petitioner be denied a certificate of appealability sua sponte. A copy of the Report was mailed to Petitioner. Petitioner then filed a motion for relief from final judgment (Docket No. 31) which the Court construes as timely objections to the Report.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the

1

Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Petitioner complains that his address record was outdated, he was denied counsel, and there are extraordinary circumstances supporting his actual innocence. He argues that the dismissal of his § 2254 habeas petition as time-barred would directly contradict the holding in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), because "actual innocence, if proved, serves as a gateway through which a petitioner may pass" despite untimeliness. Docket No. 31 at 1.

Petitioner's habeas petition is time-barred—it was due in 1997. *See Fields v. Johnson*, 159 F.3d 914, 915 (5th Cir. 1998) ("Because, pre-AEDPA, § 2255 motions were not subject to a limitations period, AEDPA's limitations period amount to a new statute of limitations period running from 24 April 1996."); *see also Tharpe v. Thaler*, 628 F.3d 719, 724 (5th Cir. 2010) (holding that the one-year limitations period begins to run on a petitioner's habeas claims related to the deferred adjudication when the appeal of his adjudication order was resolved—not when, following revocation, he was convicted and sentenced). Regarding Petitioner's argument of "actual innocence," the Magistrate Judge contemplated this argument and determined that Petitioner failed to demonstrate that he is entitled to equitable tolling because his "new" evidence consisted of hearsay. Petitioner, moreover, did not show that it was more likely than

not that no reasonable juror would have convicted him in light of the evidence, particularly given Petitioner's guilty plea. Therefore, he is not entitled to equitable tolling.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 30) as the findings of this Court. Petitioner's motion for relief from final judgment (Docket No. 31), which is construed as Petitioner's objections, are **OVERRULED**.

Therefore, it is **ORDERED** that Petitioner's petition for a writ of habeas corpus is **DENIED** as time-barred, and the case is **DISMISSED** with prejudice. Petitioner is further **DENIED** a certificate of appealability sua sponte. All pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **28th** day of **April, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE